# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 16, 2023

```
* * * * * * * * * * * * * * * * *
RENEE WORTHY,                    *       UNPUBLISHED
                                 *
                Petitioner,      *       No. 19-1735V
                                 *
v.                               *       Special Master Dorsey
                                 *
SECRETARY OF HEALTH              *       Decision Based on Stipulation; Influenza
AND HUMAN SERVICES,              *       ("Flu") Vaccine; Chronic Urticaria;
                                 *       Angioedema.
                Respondent.      *
                                 *
* * * * * * * * * * * * * * * * *
```

Brian L. Cinelli, Schiffmacher Cinelli Adoff LLP, Buffalo, NY, for Petitioner.
Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION BASED ON STIPULATION[1]

On November 8, 2019, Renee Worthy ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered from chronic urticaria and angioedema as a result of an influenza ("flu") vaccine she received on November 10, 2016. Petition at Preamble (ECF No. 1).

On May 16, 2023, the parties filed a stipulation recommending an award of compensation to Petitioner. Stipulation (ECF No. 80). Respondent denies that Petitioner suffered from chronic

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

urticaria and angioedema as a result of the flu vaccine, and denied that the flu vaccine caused her any other injury or her current condition.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**(1) A lump sum of $50,000.00 in the form of a check payable to Petitioner.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>**s/Nora B. Dorsey**</u>
Nora B. Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|                                          |   |                              |
|------------------------------------------|---|------------------------------|
| RENEE WORTHY,                            | ) |                              |
|                                          | ) |                              |
| Petitioner,                              | ) |                              |
|                                          | ) | No. 19-1735V                 |
| v.                                       | ) | Special Master Dorsey        |
|                                          | ) | ECF                          |
| SECRETARY OF HEALTH AND HUMAN            | ) |                              |
| SERVICES,                                | ) |                              |
|                                          | ) |                              |
| Respondent.                              | ) |                              |
|                                          | ) |                              |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Renee Worthy ("petitioner") filed a filed a petition for vaccine compensation under

the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42

C.F.R. § 100.3(a).

2. Petitioner received the flu vaccine on or about November 14, 2016.[1]

3. The vaccine was administered in the United States.

4. Petitioner alleges that she suffered chronic urticaria and angioedema as a result of

receiving the flu vaccine. Petitioner further alleges that she experienced the residual effects of

this injury for more than six months.

---

[1] Although the Petition alleges that petitioner received the flu vaccine on November 10, 2016,
the medical records indicate that she actually received the flu vaccine on November 14, 2016.
During the course of the proceedings, the special master concluded that petitioner was vaccinated
"on either November 10 or November 14, 2016," and that the date of vaccination was "not
material to the issues in the case." ECF No. 49.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her alleged condition.

6. Respondent denies that petitioner suffered from chronic urticaria and angioedema as a result of the flu vaccine, and denies that the flu vaccine caused her any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

A lump sum of **$50,000.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(l), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or

2

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about November 14, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about November 8, 2019, in the United States Court of Federal Claims as petition No. 19-1735V.

3

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's chronic urticaria and angioedema, any other injury, or her current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

RENEE WORTHY

**ATTORNEY OF RECORD FOR
PETITIONER:**

BRIAN L. CINELLI
SCHIFFMACHER CINELLI ADOFF LLP
737 Main Street, Suite 100
Buffalo, New York 14203
Tel: (716) 815-4277
bcinelli@scaattorneys.com

**AUTHORIZED REPRESENTATIVE
OF THE SECRET ARY OF HEALTH
AND HUMAN SERVICES:**

George R.  Digitally signed by
George R. Grimes -S14
Grimes -S14 Date: 2023.04.28
16:43:45 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
    Compensation Programs
Health Systems Bureau
Health Resources and Services
    Administration
U.S. Department of Health
    and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR
RESPONDENT:**

AUSTIN J. EGAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 451-7479
Austin.J.Egan@usdoj.gov

Dated: _May 16, 2023_

5